UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:10-CV-694-H

SENTRY SELECT INSURANCE COMPANY                                PLAINTIFF

V.

KENTUCKY FARM BUREAU                                           DEFENDANT
MUTUAL INSURANCE COMPANY

**MEMORANDUM OPINION AND ORDER**

This case involves the loss of farming equipment which was co-owned by two individuals, each of whom separately insured the property with different insurance providers. Plaintiff, Sentry Select Insurance Company ("Sentry"), demands that Defendant, Kentucky Farm Bureau Mutual Insurance Company ("KFB"), reimburse Sentry $80,000.00, the amount Sentry paid its insured, Brenda Hunt.

Discovery has concluded and KFB now moves for summary judgment, arguing that its insured, Bruce Dillard, owned only a fifty-percent interest in the property and KFB was therefore liable only up to Dillard's ownership interest, which it paid. Sentry has filed a cross-motion for summary judgment, arguing that KFB is the primary insurer of the property and is therefore responsible to the full extent of KFB's policy limitations. For the reasons that follow, the Court will deny KFB's motion for summary judgment and sustain Sentry's cross-motion for summary judgment. Therefore, KFB must reimburse Sentry in the amount of $80,000.

I.

Brenda Hunt and Bruce Dillard purchased a John Deere Sprayer (the "Sprayer") with each owning an undivided fifty-percent interest. By agreement, the parties purchased and

financed the Sprayer in Hunt's name only, and it was insured by Sentry through Hunt's financing agreement with John Deere Credit. Sentry's coverage limit was approximately $160,000.00. Apparently the Sprayer was kept at Dillard's farm. Unaware of the Sentry policy, Dillard separately purchased a KFB insurance policy specifically listing the Sprayer. KFB's coverage limit was also $160,000.00.

While the Sprayer was being stored on Dillard's farm, a fire occurred which rendered the Sprayer a total loss. Both Sentry and KFB paid for half of the loss, amounting to $80,000.00 each. Sentry then filed this action against KFB to recover the amount Sentry paid, alleging that KFB was responsible for the full value of the loss.

## II.

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that an "essential element of the nonmoving party's case is lacking." *Paris Packaging, Inc. v. Flint Group N. Am. Corp.*, No. 3:10-CV-460-H, 2011 WL 5122639, at *1 (W.D. Ky. Oct. 28, 2011) (citation and internal quotation marks omitted). The burden then shifts, and the non-moving party must demonstrate that a "genuine dispute exists as to that element." *Id.* Upon consideration of a motion for summary judgment, "'the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'" *Spencer v. CSL Plasma, Inc.*, No. 3:10-CV-00262, 2011 WL 4054715, at *2 (W.D. Ky. Sep. 12, 2011) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). "These same rules apply when addressing cross-motions for summary judgment." *Id.* at *2 (citation omitted).

III.

The Court begins by determining if either Kentucky law or KFB's insurance policy limits Dillard's insurable interest to his precise ownership share of the Sprayer. Under Kentucky statutory law, no property insurance policy "shall be enforceable . . . except for the benefit of persons having an insurable interest in the things insured at the time of the loss." KY. REV. STAT. ANN. § 304.14-060(1) (West 1970). An "insurable interest" is statutorily defined as "an actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." *Id.* at § 304.14-060(2).

On its face, Kentucky's statute governing this issue does not limit Dillard's insurable interest to his ownership interest. The statute does not mention ownership interests, instead considering only "actual, lawful, and substantial economic" interests. The Court concludes that an owner of real property may possess such an insurable interest where he or she holds, leases, or possesses another's personal property. After all, a landowner housing valuable personal property or equipment inherently bears a risk of loss or damage to such items and has a legitimate interest in protecting himself against such dangers. Kentucky law does not prohibit Dillard from insuring that risk.

The Court must next determine whether the insurance policy itself proscribes any such limitations. KFB argues that Dillard's insurable interest extends only to fifty percent of the Sprayer. As support, KFB directs the Court's attention to two provisions of the insurance policy. The first states that KFB "will not pay more than the insurable interest an [insured person] has in the covered property at the time of loss." The second states that KFB covers "those owned or

leased items specifically listed . . . while on the [insured premises]." According to KFB, these provisions provide Dillard with an insurable interest only to the extent of his ownership interest in the Sprayer.

These provisions, even when read liberally, fail to communicate the limitation proposed by Defendant. In fact, the language KFB pinpoints explicitly contemplates coverage of "leased items," discounting the argument that only items fully owned are insurable. Furthermore, a thorough reading of the KFB policy reveals that items *not* owned by insured parties *are* covered pursuant to Section III, "Farm Personal Property Scheduled or Unscheduled." Within a subsection titled "Borrowed Farm Machinery, Vehicles and Equipment," the policy reads:

> When shown in the Declaration and by Endorsement, [we] cover Scheduled Farm Machinery, vehicles and equipment used in the [farming] operation and in [your] care, custody and control and in which [you] *have no owner* or lienholder interest.

(Emphasis added). To argue that the policy excludes items not owned by insured parties flies in the face of this simple, unambiguous language.[1]

Therefore, the Court concludes that the policy does not limit Dillard's insurable interest to his ownership in the Sprayer. Quite the opposite, the policy contemplates and affirmatively provides coverage for any unowned item that is within Dillard's possession and shown in the Declaration and by Endorsement. The Court has reviewed Dillard's policy and finds that the Sprayer was clearly covered under the "Scheduled Farm Personal Property Endorsement" of Section III in the amount of $160,000.00. Accordingly, KFB's coverage extended to this full

---

[1] Neither of the parties have submitted briefs pertaining particularly to KFB's policy and it was submitted well after the allotted time for discovery ended. If the policy had contained an applicable limitation, surely KFB would have made such an argument. It did not and could not.

amount irrespective of Dillard's ownership interest.

IV.

The final issue for consideration is Sentry's cross-motion for summary judgment on the basis that its policy is one of secondary coverage only. Sentry argues that because KFB was the primary insurer of the Sprayer, it was responsible to the extent of its policy limitations before any recovery could be sought from Sentry. Therefore, Sentry is entitled to recover the amount it paid to Hunt since KFB insured the full value of the Sprayer.

The resolution to this issue rests entirely on the Kentucky Court of Appeals decision in *Standard Fire Ins. Co. v. Empire Fire and Marine Ins. Co.*, 234 S.W.3d 377 (Ky. Ct. App. 2007). There, the Court of Appeals articulated the standard applicable to contests between insurers: "Kentucky law is well settled that when a policy containing a pro rata 'other insurance' clause conflicts with a policy having an excess 'other insurance' clause, the policy with the pro rata provision should be applied first and the policy with the excess clause would become effective *only when the first policy is exhausted*." *Id.* at 380 (quoting *Hartford Ins. Co. v. Kentucky Farm Bureau Ins. Co.*, 766 S.W.2d 75 (Ky. Ct. App. 1989) (emphasis added). A "pro rata" clause is one that limits recovery to the proportion that a policy's limitation constitutes of the sum of limits between all policies. *Id*. An "excess other insurance" clause is one which denies recovery altogether unless a policy's limitation exceeds that of another policy. *Id.*

Sentry's insurance policy states, in relevant part: "we will pay only the amount of the 'loss' in excess of the other collectible insurance." KFB's policy states: "W[e] will pay only the proportion of the loss that the limit of liability applying under this policy bears to the total amount of insurance covering the loss." Thus, in the case at hand, Sentry's policy includes an

"excess other insurance" clause, and KFB's policy includes a "pro rata other insurance" clause. Accordingly, KFB's policy provides the primary liability insurance and Sentry's policy provides only excess coverage, making KFB responsible for the full limitations of its policy, irrespective of any coverage provided by Sentry.  Because Sentry paid its insured prior to KFB fulfilling its obligations as primary insurer of the Sprayer, Sentry is entitled to reimbursement.

    The Court being otherwise sufficiently advised,

    IT IS HEREBY ORDERED that Defendant's motion for summary judgment is DENIED.

    IT IS FURTHER ORDERED that Plaintiff's cross-motion for summary judgment is SUSTAINED and Defendant shall reimburse Plaintiff in the amount of payments tendered to its insured in the amount of $80,000, plus interest.

    This is a final order.

cc:     Counsel of Record